ALABAMA & V. RY. CO. *v.* McGEE.

[78 South. 296, Division A.]

1. RAILROADS. *Crossing accidents. Contributory negligence. Question for jury.*

Under the facts in this case, which was a suit for personal injuries to plaintiff through being struck by a train while he was driving over a railroad track at a highway crossing; the

court held that in view of the situation and conditions confront-
ing plaintiff at the time, it could not say that he did not act as
any other reasonably prudent person would have acted under
the circumstances, but that the most that could be said was that
it was a question of fact for the determination of the jury as
to whether he was guilty of contributory negligence.

2. RAILROADS.   *Crossing accidents.   Proximate cause.*
   Where in a suit for personal injuries from being struck by a rail-
   road train at night at a highway crossing, plaintiff knew that
   the train was approaching but thought it was a mile way.   In
   such case defendant's negligence in operating the train equipped
   with a defective headlight at great speed without sounding
   the whistle or ringing the bell was the proximate cause of the
   injury and not plaintiff's contributory negligence.

3. SAME.
   The party seeking the benefit of the rule of diminishment of
   damages must invoke it by requesting proper instructions from
   the court with reference thereto.

4. NEW TRIAL.   *Amount of recovery.*
   Where the driver of a buggy was struck by a railroad train at a
   public crossing and it did not appear whether the jury found
   that he was guilty of contributory negligence or not.   In
   such case it was not error to refuse to set the verdict aside
   because it might have included damages to the buggy as to which
   damage contributory negligence would defeat, and not merely
   diminish recovery.

5. TRIAL.   *Request for instructions.*
   While it is true that under our concurrent negligence statute
   Laws 1910, chapter 135 (Hemingway's Code, section 502), no
   recovery can be had for damages to property where the injured
   party is guilty of contributory negligence, as this statute means
   that contributory negligence shall not be a bar to recovery of
   personal injuries only, yet wherever it appears in a suit that
   there has been damages on account of injuries to property, it
   is incumbent upon the defendant in such case to request the
   court to exclude the testimony and instruct the jury that no re-
   covery can be had by plaintiff for damages to personal property
   if the injured person was guilty of contributory negligence.

6. SAME.
   A general motion to exclude all the evidence in the case made by
   the defendant cannot avail for this purpose but the motion should
   specifically eliminate the item of damages on account of injury
   to the property.

7. APPEAL AND ERROR. *Review. Damages.*

Where in a suit for personal injury the evidence showed that the plaintiff was severely and probably permanently injured and the court cannot say that a verdict for eight thousand dollars is grossly excessive, it will not disturb such verdict.

APPEAL from the circuit court of Scott county.

HON. J. D. CARR, Judge.

Suit by Dr. T. Q. McGee against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for appellant.

That the plaintiff was guilty of gross contributory negligence as a matter of law, cannot be questioned on this record; his going upon the track after seeing and knowing of the approach of the passenger train, even though he misjudged its distance from the crossing, does not relieve him from his own negligence.

The supreme court of Louisiana in a recent case, decided November 13, 1916, has decided that: "It is negligence *per se* for a traveler, seeing the rapid approach of a fast passenger train, to attempt to cross the track a short distance in front of the locomotive, and in such case, the belief of the deceased (the traveler) that he could cross in safety is no excuse for his negligence; and prior negligence in the operation of the train does not affect the situation." *Khoury* v. *Louisiana Ry. Co.,* 72 So. 998. The court is asked to consider the authorities referred to by the Louisiana court in the case cited.

While contributory negligence is not a perfect defense for personal injuries, it is a perfect defense to a suit for property injuries. Laws of Mississippi 1908, chapter 135, page 125. In this case there could not rightfully have been any recovery for the injury done plaintiff's buggy; and yet the plaintiff did not dis-

miss his demand for damages done to the buggy; on the contrary, each of the instructions asked by and given for plaintiff, to which we have herein before called attention, concluded with a direction to find for plaintiff, one of them using these words: "To compensate him for his injuries," and the other authorizing the award to be "in such sum as the jury believe from the evidence to be fair, just and reasonable," and neither instruction in any way eliminated damages because of the practical destruction of the buggy.

The instructions were manifestly erroneous in the regard just mentioned, and it is no answer to say that the testimony did not warrant it, the question of damages to the buggy ought not to have been submitted to the jury, even if plaintiff had not been guilty of contributory negligence, and yet it was submitted by the plaintiff and a recovery therefor authorized by the plaintiff's own instructions. Error in submitting to the jury the matter of damages to the buggy because of plaintiff's contributory negligence was not and could not be cured by the fact that another reason existed for witholding the question from the jury. Two valid reasons for a correct proposition do not weaken each other or render the proposition an incorrect one. Nor can it be said that no part of the award was given because of the damage done to the buggy. That it was badly broken was made known to the jury and they were authorized by plaintiff's instructions to award damages therefor, and presumably they did so. This is not a case where the error can be cured by a remittitur, because there is nothing in the record by which to determine the extent of a remittitur necessary to cure the error.

The judgment excessive. The judgment in this case for eight thousand dollars is grossly excessive and should be reversed for that reason unless a large remittitur shall be made by the appellant. The ap-

pellant was, as we have seen, guilty of gross contributory negligence, which would have completely defeated all recovery by him, but for our comparative negligence statute. Laws 1910, ch. 135 p. 125. The case is in many respects like that of *Yazoo, etc., R. Co.* v. *Williams,* 74 So. 835, recently decided by this court.

If it be said that the jury in this case were warranted to find that the headlight of the locomotive was dim, we answer McGee saw it and knew of the approach of the train. If it be claimed the jury found that the whistle was not sounded or the bell rung, we answer again, McGee knew of the approach of the train. In fact, we do not think there was evidence to justify a finding that the defendant was guilty of any negligence of which plaintiff can complain, while in the Williams case this court held that the testimony warranted a finding that the railroad company was guilty of negligence.

In the Williams case this court held that ten thousand dollars was grossly excessive and that five thousand dollars less one hundred and ninety-five dollars was as large a verdict for personal injury as the facts of the case would justify. In this case the verdict for eight thousand dollars is certainly excessive in view of the fact that the plaintiff was himself guilty of gross contributory negligence.

One of the best reasoned cases in support of our contention, and we do not think that it can be answered or that it has ever been distinguished or departed from, is the case of *Pakoalinsky* v. *New York Central, etc., R. Co.,* 82 N. Y. 424; same case, 2 Am. & Eng. Railroad Cases, 251.

In *Sissel* v. *St. Louis, etc., R. Co.,* 214 Mo. 515; same case, 15 Am. & Eng. Annotated Cases, 429, it was decided that: "Where it appears that a person injured by a train knew that the train was fast approaching, the failure to sound the bell or to blow the whistle is not a ground of recovery." While it is true that the

Missouri case was not a suit for injuries inflicted at a crossing, yet its facts make it stronger in favor of the appellant than if it were one. 33 Cyc. 966; *Hutchinson* v. *Missouri, etc., R. Co.,* 161 Mo. 246; s. c. 84 Am. St. Rep. 710.

We ask the court to note specifically the fact that neither the failure to give signals nor a defective headlight was the proximate cause of plaintiff's injury. We cannot resist the conclusion, aside from the gross negligence on the part of the plaintiff in undertaking to cross the railroad track in front of a rapidly approaching train with full knowledge of its approach that the real proximate cause of the injury, and its only proximate cause, was the slipping of the trace from the single-tree of the plaintiff's buggy; and upon this ground alone a final judgment should be rendered in favor of the appellant, since there was no proof that the employees of the railway company in charge of the train failed to do everything in their power to prevent injury after seeing the plaintiff's peril.

*Frank F. Myers* and *E. W. Easterling,* for appellee.

We will first discuss the case from the viewpoint that is was negligence on the part of the railroad company not to blow its whistle or ring its bell before approaching said crossing.

Section 6669, Hemingway's Code, Code 1906, section 4045, provides among other things, that every railroad company shall, for at least three hundred yards from the point where the railroad crosses any highway, keep the bell ringing or the whistle blowing until the engine has stopped or crossed the highway. Now, the law is that if the railroad company did fail to keep its bell ringing or its whistle blowing for at least three hundred yards before it crossed the highway and said failure contributed to appellee's injury, the appellant was liable.

Counsel for appellant, in their brief, take the position that since the appellee admitted that he saw the train at about the time he was attempting to go upon the railroad track and seeing it as he did bars his recovery, even though the railroad company failed to comply with the law in blowing the whistle or ringing the bell.

The falsity of this argument is easily demonstrated: First, if they did fail to ring the bell or blow the whistle as required by law, and notwithstanding this, he saw the train under the conditions as described by him, to-wit: In such a position as misled him as to its distance from the crossing, he would be only guilty, if guilty of anything, of contributory negligence, which would not bar his recovery, but only diminish his damage.

Second, the very object of the statute in requiring the bell to be rung or the whistle to be blown for at least three hundred yards before the train crosses any crossing or highway is to apprise persons about to cross the track at said highway of the near proximity of the train to them.

Now in this very case, under appellee's evidence, which the jury had a right to believe, and manifestly did believe as shown by its verdict, the purpose of this statute was defeated. Further, had appellant rung the bell or blown the whistle as required by law, it would have apprised appellee of the close proximity of the train to him at the crossing, and he could have taken precaution for his safety. In other words, he could have governed his conduct in accordance with the train approaching ringing its bell or blowing its whistle, instead of governing his conduct with reference to a train not blowing its whistle or ringing its bell, which he reasonably believed to be nearly two miles away.

What the duties of a person attempting to cross a railroad crossing are, cannot be measured by any well-

defined rules as is laid down in *Crominority* v. *L. & N. Railroad Company,* 86 Miss. 467.

The real gist of our complaint on the part of appellant on this point is that its failure to comply with the law with reference to blowing the whistle or ringing the bell led appellee into a real dangerous situation at a time when he believed the situation far different from what it really was and not dangerous; and, if the court should accept appellant's view of the case that he went upon the track at a time when he saw the train approaching, yet if the railroad company did not blow its whistle or ring its bell, it, too, was guilty of negligence, and should the court hold that appellee, in going upon the track at the time he saw the train, was guilty of negligence, yet the appellee still would be entitled to recover, because his contributory negligence would not bar his recovery.

It was not incumbent upon the appellee to invoke the doctrine of diminution of damages because of contributory negligence; if there was evidence of contributory negligence, appellant should have invoked an instruction on the question of diminution of damages as held in *Lindsey Wagon Company* v. *Nix,* 108 Miss. 814, 67 So. 459. Dr. McGee relied on appellant complying with the law by ringing the bell and sounding the whistle on approaching this crossing. *Hasie* v. *Alabama & Vicksburg Railroad Company,* 78 Miss. 413.

Our next contention is that appellee is entitled to recover on the ground that the appellant failed to have its engine equipped with a headlight as provided by law. Acts of 1912, chapter 153, section 6680, Hemingway's Code, provides that every engine shall be equipped with a good and sufficient headlight.

Now, the evidence for appellee went to show that the light on the appellant's engine was very dim; indeed, so dim that he believed the engine nearly two miles

away, when, in fact, it was almost upon him and the light was so dim that it would go and come.

If the engine had been properly equipped with a headlight as provided by law he would have been confronted by a condition which showed a train with a very bright headlight, practically as light as day, approaching him, when he could have judged of its near proximity, instead of being confronted as he was by a light very dim that would go and come, in such a condition, in fact, that it led him to believe that it was nearly two miles away, and of course his conduct would have been tending towards his personal safety and would have been very different with a train approaching with a bright headlight, such as to leave him in no doubt as to its near proximity.

Now, the law on the question of headlights is this: If the engine was not equipped with a headlight as required by section 6680, Hemingway's Code, and said failure to equip the engine with a headlight as required by law caused or contributed to the injury, then appellant was liable, and whether or not it was properly equipped with such headlight, the evidence being in conflict on this point and whether or not the cause contributed to appellee's injury was a question for the jury to determine.

In *St. Louis & San Francisco Railroad Company* v. *Moore,* 101 Miss. 768, the court lays down the following rules of law with reference to obstructions on the track; at page 773 the court uses the following language, to wit: "The law is well settled that it is negligence in a railroad company to run its trains in the nighttime at such a speed that it is impossible by the use of ordinary means and appliances to stop the train within the distance in which obstructions on the track can be seen by the aid of the headlight of the engine, and that if anything in surrounding conditions and circumstances suggests an increase of care in the operation of a rail-

road train to avoid peril and damage, the duty to increase such care proportionally increases; such is in accordance with the great weight of authority and with a better reason." (Citing a long list of authorities.)

Now as to the question of the amount of damages; we submit that the sum of eight thousand dollars is very reasonable in view of the grievous injuries received by appellee. Appellant contends that the declaration alleges damages for injury to a buggy. There is no proof as to the amount of the injury to the buggy, and there is no instruction telling the jury that they should allow appellee damages for the buggy, but a fair interpretation of the instructions will show that they had reference to damages for personal injury to the appellee.

Appellant's complaint with reference to the buggy, seems to be that the court permitted a recovery for damages to the buggy, when the law of contributory negligence, not barring a recovery, applies only to personal injury and not to injuries to property.

The court cannot say, as a matter of law, that appellee was guilty of contributory negligence that would have barred him from recovering for injuries to his buggy; if it be the law, as appellant contends, it was up to him to submit to the court and obtain an instruction that if the appellee was guilty of contributory negligence under the facts in the case, that proximately contributed to the injuries to the buggy, they should not allow him damages for injury to the buggy, but this, appellee refused to do; hence, he cannot complain on this ground; however, appellant's contention in this respect seems to be at variance with the case of *Y. & M. V. Railroad Company* v. *Williams,* 114 Miss. 236.

Holden, J., delivered the opinion of the court.

Appellee, Dr. T. Q. McGee, recovered judgment for eight thousand dollars against the appellant railroad

company for serious personal injuries received by him
on account of appellant's passenger train striking his
buggy at night while appellee was crossing over its
track in it at a highway crossing near Hickory.    The
verdict of the jury and the judgment of the lower court
are based upon the proof that appellant's train ap-
proached the public highway crossing at a speed of
forty miles per hour, and failed to ring the bell or blow
the whistle, while using a very dim and defective head-
light on its engine, all in violation of law, and that
such negligent failure on the part of the appellant,
through its engineer, contributed proximately to appel-
lee's injury.    Appellee testified that he knew the train
was approaching when he went upon the crossing, but
that on account of the dim, flickering headlight he was
deceived as to the nearness or proximity of the train,
as it looked to be about two miles away and he thought
he would have ample time in which to cross over the
track, and that even with the defective and deceptive
headlight he would have not gone upon the crossing,
or would have jumped from the buggy while on the
crossing and saved himself, if the train had warned
him by a blast of the whistle or by ringing the bell,
neither of which was done by appellant, either as warn-
ing signals for the highway crossing, as required by law,
or as warning after the engineer saw the appellee on
the track, which was at a time when the engine was
more than one hundred and fifty yards from the cross-
ing.

The engineer in charge of the engine did not testify
that the warning for the crossing required by law was
given upon approaching the crossing.    He said he was
watching the fireman throw coal into the fire box at
the time he was approaching the crossing; that the
headlight and equipment of his engine and train were
in good order, but that he could not stop his train in
less than four hundred yards distance after seeing an

object on the track; that he could not see an object on the track further than two hundred and fifty yards ahead of his engine, and that he saw appellee on the crossing one hundred and fifty yards ahead of his engine before he struck the buggy; and that he did all he could to prevent the injury after he saw appellee on the crossing; but the engineer does not say that he sounded any alarm or gave any warning by bell or whistle, either before or after he saw the buggy on the track. Appellee testified that no warning by bell or whistle was given at any time.

It is well to state here that when the appellee had got upon the track at the crossing, one of the traces of the buggy became loose, and he endeavored to take hold of the trace and thereby pull the buggy on across the track and while momentarily delayed on the track in this effort with the trace, the engine struck the rear wheel of the buggy, knocking the buggy and appellee some distance and causing the injury to appellee.

The appellant seeks a reversal mainly on the ground that the failure of appellant's engineer to sound the warnings at the highway crossing and to provide "a good and sufficient headlight" as required by sections 6669 and 6680, Hemingway's Code, was not the proximate cause of the injury; that, on the contrary the appellee was not only guilty of contributory negligence in going upon the track, but that his negligence in going upon the track, when he could see, and knew, that the train was approaching together with the loosening of the trace, was the sole and proximate cause of the injury; and that the appellant railroad company was guilty of no negligence whatever as its train was properly equipped and its engineer did all that he could to prevent the injury after he saw the appellee's buggy on the crossing. In support of this contention counsel for appellant urge that the failure of the engineer to give warning signals upon approaching the

crossing, and in using a dim and defective headlight, in violation of law, was not and could not have proximately caused the injury to appellee, for the reason that if appellant railroad company had been using ''a good and sufficient headlight'' at the time, and had sounded the whistle and rung the bell as the law requires, at highway crossings, still the injury would have occurred anyway, and would have been due solely to the conduct of appellee; and that the failure to sound the warnings, and have a proper headlight, did not contribute proximately, because the appellee could see and knew that the train was approaching when he went upon the crossing, and that, as the bell and whistle alarms and ''a good and sufficient headlight'' are means used for warning persons of danger, they would have been of no value as notice or warning of danger here because the appellee already knew of the danger and needed no warning by bell or whistle, or otherwise, as such warning would be merely notice of what appellee already knew, that is, he knew that the train was approaching the crossing at the time he attempted to cross the track.

The principle announced above by counsel for appellant appears to be sound in both reason and logic, and is abundantly supported by good authority, and we are persuaded to say that the contention made by counsel for the appellant would be sustained by us if the facts in the case now before us were such as to make the principle announced by counsel applicable, but we are unable to see how the rule can be applied in this case. To illustrate: If the engineer in this case had been using a good electric headlight, as required by law, and the appellee saw the train approaching, and knew that it was in close proximity or realized its nearness, which he would have known and realized if the light had been good instead of dim and defective; and, knowing that the train was approaching, he attempted to

cross over the track at the highway crossing, when he could see the train closely coming; and the engineer did everything that he reasonably could to avoid injury after he saw appellee upon the track; and the appellee had been injured under these circumstances—we do not think that he could recover, even though the engineer had failed to ring the bell or sound the whistle for the crossing as required by the statute.

The plain reasoning of this is that if the injury had occurred under the circumstances indicated, the failure to sound the whistle or to ring the bell, in violation of law, could not and did not proximately cause or contribute to the injury of the appellee, therefore there could be no recovery for the negligence of the railroad company in violating the statute because such negligence did not proximately cause, or contribute to, the injury received by the appellee. But the facts in the case before us are materially different from those in the above illustration, in this, that here the dim and flickering headlight on the engine was such as to deceive the appellee with reference to the distance that the train was from the crossing at the time appellee attempted to cross over the track. It was not a good electric headlight which is alone a splendid warning of danger to persons going upon the track at any point, but it was a defective, dim light, which made it reasonably appear to the appellee that the train was not close, but was about two miles away at the time he reached the crossing and went upon the track.

We cannot say that, in view of the situation and conditions confronting appellee at the time, he did not act as any other reasonably prudent person would have acted under the same circumstances; that is, if it seemed reasonably safe for him to cross over the track, since it appeared that the train was more than a mile away and that he would have plenty of time to cross

over, it cannot be said, as a matter of law, that he was guilty of negligence in making the attempt to cross the track, but the most that could be said is that it was a question of fact for the determination of the jury as to whether he was guilty of contributory negligence. But, of course, contributory negligence would not defeat this action.

Now, when it is considered that on account of the defective headlight the close proximity of the train was not discernible to the appellee, then it will be seen that the sounding of the whistle or the ringing of the bell by the engineer would have been valuable warning to appellee of the approaching train, and would have probably prevented the injury in this case. So, under the facts of this case, the failure of appellant's engineer to sound the whistle or to ring the bell when approaching the highway crossing, as required by law, was negligence proximately contributing to the injury of the appellee. And while it is true, with reference to the rule urged by counsel for appellant, that the appellee knew that the train was approaching, yet he had reasonable cause to believe that it was not so near to the crossing that it would strike him before he could cross over the track, and therefore warning of the danger by the whistle or bell would have given him notice of the danger which he did not realize, that is, it would have notified him audibly of the nearness of the approaching train which he did not realize visibly on account of the dim and defective headlight used on the engine. Therefore the failure of the engineer, servant of the appellant, to give warning by the signals, in connection with his failure to use a good headlight, as required by statute, was the proximate cause of the injury, and the appellee, at most, was only guilty of contributory negligence which goes to the diminishment of the damages in the case. The party seeking the benefit of the rule of diminishment must invoke it by requesting

proper instructions from the court to the jury with reference thereto.

The appellant further contends that the lower court erred in not setting the verdict of the jury aside because it may have included damages to the buggy which was struck by the train, for the reason, as appellant contends, that as the appellee was guilty of contributory negligence his right to recover for damages to the buggy is barred. In answer to this contention, it appears that the damages to the buggy were comparatively insignificant, but at all events the record does not show whether the jury decided that the appellee was, or was not, guilty of contributory negligence. Certainly the appellee as a matter of law was not guilty of contributory negligence in this case, but it was a question of fact properly submitted to the jury, and, for all we know, the jury may have determined by their verdict that appellee was not guilty of contributory negligence.

Furthermore, we hold that, while it is true that under our concurrent negligence statute (Hemingway's Code, section 502), no recovery can be had for damages to property where the injured party is guilty of contributory negligence, as this statute means that contributory negligence shall not be a bar to recovery for personal injuries only, yet whenever it appears in a suit that there has been damages on account of personal injuries, and also damages on account of injuries to property, it is incumbent upon the defendant in such case to request the court to exclude the testimony and instruct the jury that no recovery can be had by the plaintiff for damages to the personal property if the injured person was guilty of contributory negligence. A general motion to exclude all the evidence in the case made by the defendant cannot avail for this purpose, but the motion should specifically eliminate the item of damages on account of injury to the property. There-

fore, we see no merit in the complaint of appellant regarding the question of damages to the buggy.

Taking this whole case from every viewpoint, we are thoroughly convinced that the question of negligence *vel non* was properly submitted to the jury in the lower court, and that the verdict rendered by the jury is amply sustained by the proof in the case. The fact that the engineer was not on the lookout but was watching the fireman put coal into the fire box at the time this swiftly moving train was approaching the public highway crossing; and the further fact that the engineer knew that he could only see two hundred and fifty yards ahead of his engine, and that he could not stop his train in a less distance than four hundred yards; and the fact that he saw the appellee on the track at the public crossing when the engine was one hundred and fifty yards away from the crossing, and failed to ring the bell or sound a single blast of the whistle as a warning of danger, which warning would very probably have prevented the injury here—are facts in this case which were considered by the jury in connection with the other testimony with reference to the negligence of the appellant's engineer in not having "a good and sufficient electric headlight" and in not sounding the whistle or ringing the bell in approaching the public crossing as required by law. And we think that the jury was fully justified in returning a verdict in favor of the plaintiff in the court below.

It is urged by the appellant that the verdict and judgment of eight thousand dollars is excessive, and that it should be reduced here or reversed for a new trial. Before it becomes our duty to reduce the amount of judgment recovered in the lower court on appeal here, it must first clearly appear that the amount recovered is, not only excessive, but grossly excessive. In the case before us, the testimony of the doctors and

the other witnesses shows a serious and probably permanent injury to the appellee. We cannot say that the verdict is grossly excessive, and therefore we decline to disturb it.

The judgment of the lower court is affirmed.

*Affirmed.*